STATE of Minnesota, Respondent,

v.

**Paul Jeffrey MAKI, Appellant.**

**No. 46841.**

Supreme Court of Minnesota.

Nov. 18, 1977.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Gregory A. Gaut, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Kelly, County Atty., Barry W. McKee, Asst. County Atty., Stillwater, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.St. 609.245, and was sentenced to a 1-to-20-year term in prison. On this appeal from judgment of conviction, defendant contends that he should receive a new trial on the ground that the court failed to determine the constitutionality of a lineup at which he was identified and that if the court had done so, it would have had to conclude that the lineup was so unnecessarily suggestive as to deny him due process of law. We affirm.

Following the omnibus hearing, the court apparently did not specifically rule on defendant's motion to suppress identification evidence obtained in the lineup. However, defense counsel also apparently did not press the court for a ruling. In fact, at trial, when defense counsel sought an instruction directing the jury to disregard the identification testimony, the trial court asked defense counsel if the issue had not already been ruled on, and counsel replied that, at the omnibus hearing, the court had ruled on the matter of allowing the evidence to be suppressed.

Although in this case defendant was not prejudiced by a lack of findings, there being no conflict in the evidence at the omnibus hearing, we re-emphasize Rule 11.-07, Rules of Criminal Procedure, which provides in part: "When issues are determined [at the omnibus hearing], the court *shall* make appropriate findings in writing or orally on the record." (Italics supplied.)

We have analyzed the undisputed facts concerning the identification of defendant, and we conclude that although the lineup was possibly suggestive, there was no "very substantial likelihood of irreparable misidentification," and, therefore, the identification testimony was a matter for the jury to weigh. See, *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

Affirmed.